FILED

10 AUG 30 AM 8: 46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACKSON,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>CALIFORNIA; et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 10-cv-1728 BEN (CAB)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND DISMISSING ACTION WITHOUT PREJUDICE |

On August 18, 2010, Plaintiff Kenneth Jackson initiated this action against Defendants California and Social Security. Plaintiff alleges Defendants lied about previous "overpayment." Although unclear, it appears Plaintiff seeks a refund of the prior overpaid amounts.

In filing his Complaint, Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") (Docket No. 2) and a Request for Appointment of Counsel (Docket No. 3). The Court decides the matters on the papers submitted. For the reasons outlined below, the Court **DENIES** Plaintiff's motions and **DISMISSES** the action without prejudice.

　　　1.　　**Motion to Proceed *In Forma Pauperis***

Under Section 1915 of title 28 of the United States Code,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

1  28 U.S.C. § 1915(a)(1). Here, Plaintiff states he is not currently employed, but currently receives
2  social security, disability or other welfare benefits. (Docket No. 2 at 2.) Plaintiff, however, fails to
3  disclose the amount he has received and expects to receive during the relevant time period. Although
4  a party need not be completely destitute to proceed IFP, a party must still show by affidavit or other
5  similarly reliable source that, because of his or her poverty, he or she cannot pay the filing fee and still
6  provide the "necessities of life" for his or her family. *Adkins v. E.I. DuPont de Nemours & Co.*, 335
7  U.S. 331, 339-40 (1948). Plaintiff has failed to satisfy that requirement here and, therefore, is not
8  excused from paying the $350 filing fee to commence this action.

9  Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

10  **2.   Dismissal of Action With Prejudice**

11  A complaint filed by any person proceeding, or seeking to proceed, in forma pauperis under
12  28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is
13  frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief
14  from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-
15  27 (9th Cir. 2000). Having reviewed Plaintiff's Complaint, the Court finds the pleading fails to state
16  a cognizable claim for relief.

17  The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6).
18  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate
19  if the complaint fails to state a facially plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550
20  U.S. 544, 556-57 (2007). A complaint must state enough facts to raise a reasonable expectation that
21  discovery will reveal evidence of the claim. *Id.* at 556. Dismissal is warranted when the complaint
22  lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.
23  1984). The court must assume the truth of all factual allegations and construe them in the light most
24  favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty
25  Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Pro se litigants are not "excused from knowing
26  the most basic pleading requirements." *American Assoc. of Naturopathic Physicians v. Hayhurst*, 227
27  F.3d 1104, 1107 (9th Cir. 2000), *cert. denied* 532 U.S. 1088 (2001).

28  Here, Plaintiff's Complaint is legally insufficient because it does not identify the basis for relief

or the basis of this Court's jurisdiction. Plaintiff's Complaint consists of a one sentence statement alleging Defendants lied to Plaintiff about overpayments. No additional information is provided. In particular, Plaintiff's Complaint is void of any information regarding what was overpaid, when, or to whom. The Complaint is also void of any allegation specific to each Defendant. Without this information, it is impossible to even glean the basis, let alone the substance, of Plaintiff's claim. It is unclear at this time, however, whether amendment can cure the deficiencies outlined above. Therefore, the Court dismisses Plaintiff's Complaint without prejudice.

### III. Appointment of Counsel

Because Plaintiff's Complaint is dismissed, Plaintiff's Request for Appointment of Counsel is denied as moot.

### CONCLUSION

Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**. For the reasons stated above, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may pay the filing fee and file an amended complaint correcting the deficiencies outlined above, **no later than September 27, 2010.** Failure to do so will result in dismissal of this action with prejudice. Because Plaintiff's Complaint is dismissed, Plaintiff's Request for Appointment of Counsel is **DENIED** as moot.

**IT IS SO ORDERED.**
Date: 8/27, 2010

Hon. Roger T. Benitez
United States District Court Judge